**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **GEORGE G. SPOTTSWOOD,** *et al.***,** ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION 10-0109-WS-B** |
| ) | |
| **STEWART TITLE GUARANTY** ) | |
| **COMPANY,** ) | |
| ) | |
|     **Defendant.** ) | |

**ORDER**

    This matter comes before the Court on defendant's Motion for Leave to File First Amended Answer (doc. 16). Plaintiffs have filed an Objection (doc. 19) to that Motion.

    Plaintiffs, George and Amy Spottswood, initiated this action against defendant, Stewart Title Guaranty Company, seeking compensatory damages under a title insurance policy issued by Stewart Title. Following removal to this District Court, Stewart Title filed an Answer (doc. 7) on March 10, 2010. Pursuant to the Rule 16(b) Scheduling Order (doc. 15) entered by Magistrate Judge Bivins, any motion for leave to amend the pleadings or to join other parties must be filed by no later than July 1, 2010. The discovery cutoff date is November 30, 2010.

    On June 11, 2010, Stewart Title filed its Motion for Leave to File First Amended Answer, stating that it "desires to amend its answer simply to add affirmative defenses and to clarify other previously-asserted affirmative defenses." (Doc. 16, ¶ 3.) Review of the proposed amended answer appended to the Motion reflects that Stewart Title seeks, *inter alia*, to interpose affirmative defenses of collateral estoppel and failure of conditions precedent, to invoke Exclusion Number 8 in Schedule B of the applicable title insurance policy, to assert an affirmative defense of exclusion number 3 on the "form" policy exclusions, to allege that the Spottswoods' loss of frontage is caused by a recorded agreement from 1956 that is part of the premises' legal description, and to assert that plaintiffs' claims relate to a loss of property that is not insured or covered under the policy.

Plaintiffs object to the Motion on the stated ground that interjection of the proposed new affirmative defenses "is highly prejudicial to Plaintiffs and is the product of undue delay on the part of Stewart Title." (Doc. 19, at 2.) The Spottswoods elaborate that Stewart Title was or should have been aware of these defenses when it filed its initial answer, that the Spottswoods "would have been in a better position to determine the validity of those defenses and potentially cure any defects" had they been raised three months ago, and that these defenses would "inject new factual issues into this matter." (*Id.* at 4.)

Defendant's Motion for Leave to Amend is governed by Rule 15 of the Federal Rules of Civil Procedure, which provides in pertinent part that "[t]he court should freely give leave when justice so requires." Rule 15(a)(2), Fed.R.Civ.P. Courts have recognized that Rule 15(a) "severely restricts" a district court's discretion to deny leave to amend. *Sibley v. Lando*, 437 F.3d 1067, 1073 (11th Cir. 2005). As a general proposition, "[u]nless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial." *Florida Evergreen Foliage v. E.I. DuPont De Nemours and Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) (citation omitted); *see also Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (similar). That said, leave to amend can properly be denied under circumstances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) (citation omitted).

Neither plaintiffs' undue delay objection nor their prejudice objection is meritorious. There is no evidence of undue delay here. The deadline established by the Rule 16(b) Scheduling Order for moving to amend pleadings has not yet expired. Some five months remain for discovery in this action. This litigation appears far nearer its beginning than its end. Even if plaintiffs are correct that Stewart Title did not rush to the courthouse to add these proposed new affirmative defenses at the earliest possible moment, the Court perceives nothing about these circumstances that would substantiate a finding of undue delay or dilatoriness. *See, e.g., Loggerhead Turtle v. County Council of Volusia County, Fla.*, 148 F.3d 1231, 1256-57 (11th Cir. 1998) (where plaintiffs filed motion for leave to amend prior to scheduling order deadline, "[a]t most, their failure to request leave to file an amended complaint in late July instead of October

supports a finding of 'delay,' not 'undue delay' or 'dilatory' action"); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) ("mere passage of time need not result in refusal of leave to amend; on the contrary, it is only undue delay that forecloses amendment").

Likewise, plaintiffs' protestations of prejudice are unconvincing. Although the Spottswoods object that Stewart Title "has never before raised any issue regarding Plaintiffs' compliance with any contractual provision or condition of the policy" (doc. 19, at 4), this premise is counterfactual. After all, the Answer filed on March 10, 2010 listed as an affirmative defense the following: "Defendant affirmatively pleads all terms, conditions, prerequisites, limitations, and exclusions of the title insurance policy at issue." (Doc. 7, at 4.) Plaintiffs have been on notice for months that Stewart Title is relying on the terms, conditions and prerequisites of the policy as part of its defense in this case. The proposed amended answer would merely lend depth and definition to a defense that has always been in play. This is not undue prejudice. Similarly, plaintiffs cannot defeat the amendment by stating that the amended answer would "inject new factual issues into this matter" and that plaintiffs will need time "to determine the validity of those defenses." (Doc. 19, at 4.) The Court is confident that the Spottswoods will have ample opportunity to investigate and assess the validity of those defenses thoroughly between now and the November 30 discovery deadline. As for the Spottswoods' vague and undeveloped suggestion that they "would have been in a better position to … potentially cure any defects" had these specific defenses been raised previously, such a tentative, amorphous statement is far too slender a reed to justify an undue prejudice finding.

For all of the foregoing reasons, defendant's Motion for Leave to File First Amended Answer (doc. 16) is **granted**, and plaintiffs' Objection (doc. 19) is **overruled**. Pursuant to Section II.A.6. of this District Court's Administrative Procedures for Filing, Signing and Verifying Documents by Electronic Means, Stewart Title is **ordered**, on or before **June 30, 2010**, to file its First Amended Answer as a freestanding document in substantially the form appended to its Motion as Exhibit A.

DONE and ORDERED this 23rd day of June, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE